## WELLS-LIDDELL COMPANY

## *v.*

## STATE OF ILLINOIS.

*Opinion filed March 17, 1915.*

1. LICENSE FEES—*failure to do business will not warrant return of.* Claimant, a South Dakota corporation, asks an award on account of a fee paid the Secretary of State of this State for filing an application to do business in this State, stating that it has done no business in this State. *Held,* that claimant is not entitled to a return of the fee so paid.

2. SAME—*retention of by State.* The statutes of this State require the payment of a fee to the Secretary of State before any papers may be filed, and the retention of the fee by the Secretary of State is in no way conditional upon any further steps being taken by the corporation or individuals.

3. SAME—*indivisible.* A fee to incorporate is indivisible.

4. PAYMENT—*voluntary—no recovery.* Money paid voluntarily and not under a mistake of fact may not be recovered.

This is a claim filed by Wells-Liddell Company, a South Dakota corporation, for thirty dollars ($30.00) paid to the Secretary of State, as a fee for filing application of this company for a license to do business in the State of Illinois.

The provision of the statute in reference to the case at bar involves the same principles as in the case of *Wm. McKinley, R. W. Hood and J. R. Ebersole* v. *State,* decided at the October Term of this Court, 1910, wherein, this Court decided that the provision of the law, chapter 53, Hurd's Revised Statute 1909, is clear, that payment of the sum of thirty ($30.00) dollars was a requirement which must be complied with, before the Secretary of State could issue any papers whatever, and that retention of the fee by the Secretary of State is in no way made conditional upon the corporation or individual taking further steps. The law does not make this fee divisible and this Court has no authority to decide this case contrary to the plain provisions of the law.

This money was voluntarily paid to the Secretary of State for the purpose of doing business in this State, and it was not by reason of a mistake of fact, and was not compulsory, and there is no evidence showing that the State has refused or prohibited this claimant from doing business in this State, and under such circumstances we feel claimant is not entitled to a return of this money, either in law or equity. Therefore the claim is rejected.